Matter No.: 3052219 - JSL/MRP
Atty No.: 6324499

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JEANETTE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>PENSKE TRUCK LEASING CORPORATION; PENSKE; AND PENSKE TRUCK RENTAL,<br><br>    Defendants. | <br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Penske Truck Leasing Co., L.P.; incorrectly named as Penske Truck Leasing Corporation, Penske, and Penske Truck Rental; by and through its attorneys, Jamie Lane and Matthew Pikor of SmithAmundsen LLC; and pursuant to 28 U.S.C. §§1332, 1441, and 1446; file this Notice of Removal to the United States District Court for the Northern District of Illinois, Eastern Division, and in support states:

    1.    As required by 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendants in this action is attached as **Exhibit A**.

    2.    Plaintiff Jeanette Williams is and was at all relevant times a citizen of, and domiciled in, the State of Illinois.

    3.    A corporation is a citizen of both (1) every state where it is incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is where a corporation's officers direct, control, and coordinate the corporation's activities—or the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77,

92–93 (2010). The nerve center should also normally be the place where the corporation maintains its headquarters if its officers direct, control, and coordinate its activities there. *Id.*

4. Defendant Penske Truck Leasing Co., L.P. is a limited partnership. To determine the citizenship of a limited partnership, "courts look through the form of such a business entity to the citizenship of all the members of the partnership." *Carden v. Arkonma Assocs.*, 494 U.S. 185, 187-96 (1990). A limited partnership, or L.P., has the citizenship of all of its partners, both general and limited." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

5. To sufficiently allege the citizenship of a limited partnership, a removing party must thus identify each of the limited partnership's partners—including its limited partners—and identify each partner's citizenship. *Id.* The Court must also "trace through multiple levels" to ensure that the citizenship of any partners who are themselves a partnership or a limited liability company are completely diverse as well. *See, e.g., Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., L.L.C.*, 364 F.3d 858, 861 (7th Cir. 2004).

6. The citizenship of an LLC is likewise the citizenship of each of its members. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007).

7. Penske Truck Leasing Co., L.P. was formed under the laws of the State of Delaware and its principal place of business is and was at all relevant times headquartered in the Commonwealth of Pennsylvania because that is where its headquarters and its executive and senior management personnel, as well as its primary management operations, are located.

8. Penske Truck Leasing Co., L.P. has, and at all relevant times had, one **general partner**: PTL GP, LLC. In turn, PTL GP, LLC's sole member is LJ VP Holdings, LLC.

9. Tracing further, LJ VP Holdings, LLC 's sole member is Penske Truck Leasing Corporation. Penske Truck Leasing Corporation is incorporated under the laws of the State of

Delaware and its headquarters and principal place of business is located at 2675 Morgantown Road, Reading, PA, 19607; where its operations are coordinated. Penske Truck Leasing Corporation is thus a citizen of Delaware and Pennsylvania.

10. Penske Truck Leasing Co., L.P. has, and at all relevant times had, three **limited partners**: (1) Penske Truck Leasing Corporation; (2) Penske Automotive Group, Inc.; and (3) MBK USA Commercial Vehicles, Inc.

11. First (and as alleged in more detail above), Penske Truck Leasing Corporation is a citizen of both Delaware and Pennsylvania.

12. Second, Penske Automotive Group, Inc. is a corporation organized under the laws of the State of Delaware. Penske Automotive Group, Inc.'s headquarters and principal place of business is and was at all relevant times located at 2555 Telegraph Road, Bloomfield Hills, MI 48302; where its operations are coordinated. Penske Automotive Group, Inc. is thus a citizen of both Delaware and Michigan.

13. Third, MBK USA Commercial Vehicles, Inc. is a corporation organized under the laws of the State of Delaware. MBK USA Commercial Vehicles, Inc.'s headquarters and principal place of business is located at Nippon Life Marunouchi Garden Tower, 1-3 Marunounchi 1-chome, Chiyoda-ku, Tokyo, Japan; where its operations are coordinated. MBK USA Commercial Vehicles, Inc. is thus a citizen of both Delaware and Japan.

14. Accordingly, Defendant Penske Truck Leasing Co., L.P. is, and was at all relevant times, a citizen of the States of Delaware and Michigan, the Commonwealth of Pennsylvania, and the Country of Japan.

15. Penske Truck Rental is an operating unit of Penske Truck Leasing Co., L.P.

3

16. "Penske" is a nonspecific short-form term commonly used in reference to various Penske-named entities and on information and belief, is named in this lawsuit as such.

17. Complete diversity of citizenship therefore exists between the plaintiffs and defendants in this matter.

18. This case arises out of an incident that occurred on June 12, 2020, involving a Penske vehicle Plaintiff rented from a Penske facility located at 3069 Washington Street in the City of Waukegan in Lake County, Illinois. Plaintiff filed his Complaint in the Circuit Court of Lake County, styled as captioned above.

19. Under 28 U.S.C. § 1446(c)(2)(A)(ii), a party's notice of removal may assert the amount in controversy if the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.

20. Illinois is one such State. *See* 735 ILCS 5/2-604.2(a).

21. Plaintiff's Complaint alleges one count of negligence against Defendants and seeks in damages excess of the jurisdictional threshold of the Law Division of the Circuit Court of Lake County.

22. Prior to filing suit, Plaintiff tendered to Penske a settlement demand in the amount of $310,000.00.

23. Plaintiffs' Complaint also alleges that the incident at issue resulted from Penske's negligence and caused her to suffer pecuniary and permanent personal injuries.

24. Given the amount of Plaintiff's settlement demand and the nature of these allegations, the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

25. Defendants have a statutory right to file their Notice of Removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b).

26. The time-period set forth in Section 1446 is in place to give the defendant a fair notice of the substantive nature of the claims and a reasonable opportunity to weigh the advantages and disadvantages of continuing in state court or removing the action to federal court. *Scott v. Toyota Motor Corporation*, 1987 U.S. Dist. Lexis 2628 at *4 (N.D. Ill. March 27, 1987). The thirty-day time frame has not yet run on Defendant's right to seek removal of this action. Defendant's Notice of Removal is therefore timely.

27. As established in this Notice of Removal, Defendant properly filed its Notice of Removal within the applicable thirty-day time frame. The United States District Court for the Northern District of Illinois also has original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of costs and interest, and Plaintiff and Defendant are citizens of different states.

28. As required by 28 U.S.C. § 1446(d), the Defendant has served or will promptly serve upon Plaintiff's counsel and has filed or will promptly file with the Cook County Circuit Court a true and correct copy of this Notice of Removal.

29. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

30. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE; Defendant Penske Truck Leasing Co., L.P.; incorrectly named as Penske Truck Leasing Corporation, Penske, and Penske Truck Rental; by its attorneys; Jamie Lane and Matthew Pikor of SmithAmundsen LLC; respectfully request that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C., §§ 1332, 1441, and 1446 and for any other relief as this Court deems proper and just.

    Respectfully Submitted,

    s/ Matthew R. Pikor
    Matthew R. Pikor – Bar Number: 6324499
    Attorney for Defendant,
    Penske Truck Leasing Co., L.P.
    SmithAmundsen LLC
    150 North Michigan Avenue, Suite 3300
    Chicago, IL 60601
    Telephone:   (312) 894-3200
    Fax:   (312) 894-3210
    E-Mail:   Mpikor@smithaumundsen.com

JAMIE S. LANE
MATTHEW R. PIKOR
Attorneys for Defendant/Movant
Penske Truck Leasing Co., L.P.
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
JLane@smithamundsen.com
Mpikor@smithamundsen.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the May 20, 2022, he served Defendant Penske Truck Leasing Co., L.P.'s **Notice of Removal** on All Attorneys of Record:

>Mr. Michael E. Maher
>Salvi & Maher, LLC
>325 Washington Street, Suite 302
>Waukegan, IL 60085
>Email: michael.maher@salvilegal.com

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

>[x]  Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: May 20, 2022.
>
>/s/ Matthew R. Pikor

Jamie S. Lane, ARDC #6207245
Matthew R. Pikor, ARDC #6324499
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200